## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

REUNION INVESTMENT LIMITED, LLC,    )
and FIRESTORM GENERAL    )
CONTRACTORS, INC.    )
    )
    Plaintiffs,    )
    )
v.    )    Case No. 12-CV-0696-CVE-FHM
    )
HARTFORD CASUALTY INSURANCE    )
COMPANY,    )
    )
    Defendant,    )

## OPINION AND ORDER

Now before the Court is plaintiff Firestorm General Contractors, Inc.'s (Firestorm) opposed motion to dismiss (Dkt. # 20), plaintiff Reunion Investment, LLC's (Reunion) opposed motion to dismiss (Dkt. # 21), defendant Hartford Casualty Insurance Company's motion to dismiss plaintiffs' first amended complaint (Dkt. # 23), and defendant's motion to withdraw its motion to dismiss plaintiffs' amended complaint (Dkt. # 32).

On June 20, 2012, plaintiffs filed a petition in Tulsa County District Court. Dkt. # 2-2, at 2. Plaintiff named The Hartford Insurance Company and Hartford Casualty Insurance Company as defendants and alleged four claims for relief, including breach of contract, bad faith, breach of a third party beneficiary contract, and unjust enrichment or a constructive trust. Id. Thereafter, defendant removed the case to federal court. Dkt. # 2. On January 3, 2013, defendant filed its answer and a counterclaim for declaratory judgment against Firestorm. Dkt. ## 12, 13, 14. In addition, in its answer, defendant stated that plaintiffs' petition incorrectly named The Hartford Insurance Company as a defendant and that The Hartford Insurance Company is not an insurance

company nor a legal entity.  Dkt. # 2, at 2.  On January 24, 2013, plaintiffs filed a first amended complaint.  Dkt. # 19.  In the first amended complaint, plaintiffs named Hartford Casualty Insurance Company as the sole defendant and added a fifth claim for relief based upon reformation.  Id. at 1, 8.  Plaintiffs thereafter filed two motions to dismiss requesting that the case be dismissed without prejudice.  Dkt. ## 20, 21.  On February 5, 2013, defendant filed a motion to dismiss plaintiffs' first amended complaint.  Dkt. # 23.  On February 6, 2013, plaintiffs filed an unopposed motion to for leave to file an answer to the counterclaim (Dkt. # 25), which was granted (Dkt. # 26).

On February 7, 2013, plaintiffs responded to defendant's motion to dismiss the first amended complaint.  Dkt. # 27.  That same day, Firestorm filed an answer to defendant's counterclaim.  Dkt. # 28.  On February 8, 2013, the parties filed a joint status report (Dkt. # 29), which made it clear that Hartford Casualty Insurance Company was the correct name for the defendant and that The Hartford Insurance Company was not a defendant because it was not an insurance company nor a legal entity. The Court thereafter entered an order directing the Court Clerk to correct the docket to show Hartford Casualty Insurance Company as the sole defendant and counterclaimant and to terminate The Hartford Insurance Company as defendant as well as any reference to "d/b/a Hartford Spectrum."  Dkt. # 30.

In plaintiffs' motions to dismiss, plaintiffs ask that the case be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Fed. R. Civ. P. 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."  In its response, defendant first argues that, because plaintiffs originally

2

named both The Hartford Insurance Company and Hartford Casualty Insurance Company as defendants, defendant assumed that the dismissal of the case as to The Hartford Insurance Company would be with prejudice.  Dkt. ## 33, 34.  Additionally, defendant notes that plaintiffs unilaterally changed the caption of the case and removed The Hartford Insurance Company, and that, thereafter, the Court entered an order directing the Court Clerk to correct the style of the case to reflect Hartford Casualty Insurance Company as the sole defendant and counterclaimant.  See Dkt. # 30. Defendant thus requests that the case be dismissed with prejudice as to The Hartford Insurance Company; however, defendant states that it has no objection to a dismissal without prejudice as to Hartford Casualty Insurance Company.  Dkt. ## 33, 34.

In this case, defendant's counterclaim is solely for a declaratory judgment that it has no contractual relationship with plaintiff Firestorm.  Based on the status of these proceedings, that claim could not "remain pending for independent adjudication."  Fed. R. Civ. P. 41(a)(2).  Further, as to any claims against Hartford Casualty Insurance Company, the sole defendant in this case, defendant states it has no objection to a dismissal without prejudice.  Finally, because defendant has represented that The Hartford Insurance Company is not an insurance company nor legal entity, there is no need to dismiss the case with prejudice as to that defendant.  Therefore, plaintiffs' motions to dismiss without prejudice should be granted.

**IT IS THEREFORE ORDERED** that plaintiff Firestorm General Contractors, Inc.'s opposed motion to dismiss (Dkt. # 20) and plaintiff Reunion Investment, LLC's opposed motion to dismiss (Dkt. # 21) are **granted**.

3

**IT IS FURTHER ORDERED** that defendant Hartford Casualty Insurance Company's motion to dismiss plaintiffs' first amended complaint (Dkt. # 23) and defendant's motion to withdraw its motion to dismiss plaintiffs' amended complaint (Dkt. # 32) are **moot**.

**IT IS FURTHER ORDERED** that this is a final order dismissing the case **without prejudice**.

**DATED** this 15th day of February, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

4